IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY CHAVIS, JR., <br> TDCJ #547571, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> DOUG DRETKE, Director, § <br> Texas Department of Criminal Justice - § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | | CIVIL ACTION NO. H-05-4374 |

## **MEMORANDUM AND ORDER**

The petitioner, Larry Chavis, Jr., is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Chavis has filed a petition for a federal writ of habeas corpus to challenge a state court felony conviction and the calculation of his sentence following a parole revocation. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.     DISCUSSION**

Chavis indicates that he was convicted of sexual assault in April of 1990, and sentenced by a state district court in Harris County, Texas, to serve twenty years in prison in cause number 546572. Chavis is presently incarcerated at the Jester III Unit in Richmond, Texas. In a federal habeas corpus petition executed on December 25, 2005,

Chavis complains that his underlying conviction is invalid because his petit jury was unconstitutionally selected and impaneled, he was denied effective assistance of counsel, and the instructions given to the jury were improper. Chavis also complains that prison officials have incorrectly calculated his sentence following a parole revocation that occurred in 1999. For reasons outlined below, both challenges are barred by the governing one-year statute of limitations.

**A.      The One-Year Statute of Limitations**

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

Chavis challenges a sexual assault conviction that was entered against him in April of 1990.  The statute of limitations for federal habeas corpus review of that conviction began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Chavis indicates that his sexual assault conviction was affirmed in 1991, and that he did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.  Habeas petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court.  *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999) (discussing a habeas corpus application filed under 28 U.S.C. § 2255).  Therefore, Chavis had until April 24, 1997, to file a federal writ to challenge his sexual assault conviction.  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th

Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). Chavis's pending petition, dated December 25, 2005, is late by over eight years and is therefore time-barred unless an exception applies.

In addition, Chavis also challenges the calculation of his sentence following his release on parole in 1992 and the subsequent parole revocation in 1999. Chavis' federal habeas corpus petition was filed well over one year from the time that his parole was revoked in 1999. The governing one-year statute of limitations for federal habeas corpus review of Chavis' sentence-calculation claim began to run pursuant to 28 U.S.C. § 2244(d)(1)(D), at "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Under § 2244(d)(1)(D), the statute of limitations expired in 2000, meaning that any challenge to the calculation of his sentence is also barred unless Chavis fits within an exception to the statute of limitations.

**B.   Exceptions to the Statute of Limitations**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Chavis reports that he filed a state habeas corpus applications on November 12, 2003, and August 12, 2005. Because both of these state habeas proceedings were filed after the prescriptive period had already expired, neither one tolls the statute of limitations for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Chavis has filed a lengthy petition and brief in support of his many claims. However, he has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Thus, there is no statutory basis to save the petitioner's late-filed claims. Likewise, the record discloses no "exceptional circumstances" that would warrant a discretionary exercise of equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Accordingly, the Court concludes that the petition is barred by the governing statute of limitations. Alternatively, Chavis is not entitled to federal habeas corpus relief from the calculation of his sentence because his claim is without merit.

    **C.    Merits:  Restoration of Street Time**

Chavis raises several claims concerning the manner in which prison officials have calculated his sentence. Chavis notes that he was sentenced to twenty years of imprisonment in 1990, released on parole in 1992, and returned to TDCJ following his parole revocation in 1999. Chavis complains that, following his parole revocation and return to TDCJ custody, prison officials wrongfully refused to restore approximately six years, eight months, and five days of credit on his sentence for the time he spent out on the street while on supervised release (*i.e.*, "street time"). Chavis complains, therefore, that prison officials have improperly lengthened his sentence by increasing his maximum discharge date.

Chavis does not demonstrate that he is entitled to street time credit under the law in place at the time of his parole revocation in 1999. According to Texas law, if a prisoner's parole was revoked before September 1, 2001, he was not entitled to credit against his sentence for the street time he had accumulated following the date of his release to the date of his revocation. *See* TEX. GOV'T CODE ANN. § 508.283(b) (Vernon Supp. 2004), *formerly codified at* TEX. CRIM. PROC. CODE art. 42.18 § 14(a). Under an amended version of this statute, certain prisoners whose parole was revoked on or after September 1, 2001, are entitled to some street time credit upon their return to TDCJ following the revocation of parole. *See* TEX. GOV'T CODE ANN. § 508.283(c) (Vernon Supp. 2004); *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004) (observing that § 508.283(c) of the Texas Government Code and its provision awarding street time credit applies to parole revocations occurring on or after September 1, 2001). However, because Chavis' parole was revoked in 1999, he does not fit within this category of prisoners who are potentially entitled to street time credit.[1]

---

[1] It is apparent that at all times relevant to Chavis' offense, conviction, and sentence, as well as his release on parole and the revocation thereof, the Texas Legislature had specifically provided for the loss of sentence credits for time spent on parole prior to revocation. *See Campos v. Johnson*, 958 F. Supp. 1180, 1192 (W.D. Tex. 1997) (citing *Ex parte Palomo*, 759 S.W.2d 671, 673 (Tex. Crim. App. 1988) and *Ex parte Henderson*, 645 S.W.2d 469, 471-72 (Tex. Crim. App. 1983)). In fact, prior to 2001, it had been clear in this Circuit for three decades that a Texas prisoner had no constitutionally protected right to credit against his or her state sentence for time served on parole prior to its revocation. *See id.* (citing *Betts v. Beto*, 424 F.2d 1299, 1300 (5th Cir. 1970) and *Clifton v. Beto*, 411 F.2d 1226, 1226 (5th Cir. 1969)).

Moreover, whether Chavis is entitled to street time under a Texas statute is a question of state law. The federal writ of habeas corpus "shall not" issue unless a prisoner shows that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §§ 2241(c); 2254(a). Even assuming there was an error, an alleged violation of state law does not merit federal habeas corpus relief. As the Supreme Court has held repeatedly, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

In addition, the Texas Court of Criminal Appeals rejected Chavis' claim concerning street time credit on state habeas corpus review. Because this was an adjudication on the merits, Chavis is not entitled to federal habeas corpus relief unless the state court's conclusion:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000). Even under the liberal construction accorded to *pro se* litigants, Chavis falls far short of meeting this standard. Thus, for all of the foregoing reasons, Chavis has not established that he is entitled to federal habeas corpus relief from the calculation of his sentence.

**II.     CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has carefully considered all of the pleadings and the applicable law. Based on this review, and for the reasons set forth above, the Court concludes that jurists of reason would not debate whether any of the procedural rulings are correct, or whether any assessment of the above-referenced constitutional claims is debatable or wrong. Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue in this case.

### III.  CONCLUSION AND ORDER

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner plainly lack merit, the petition lacks an arguable

basis in law and is subject to dismissal for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **January 6, 2006.**

_____
Nancy F. Atlas
United States District Judge